UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VINCENT MORRIS, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHERRIF OF ALLEN COUNTY, in his official capacity, and ALLEN COUNTY, INDIANA.<br><br>Defendant. | CAUSE NO. 1:20-CV-34 DRL-MGG |

ORDER

On January 21, 2020, Plaintiff Vincent Morris filed a complaint against the defendants, along with a motion for class certification under Fed. R. Civ. P. 23(b)(2). The parties then filed a stipulation to certify the case as a class action, with the class defined as "all persons currently confined, or who will in the future be confined, in the Allen County Jail." For the following reasons, the court certifies the class as such.

BACKGROUND

The Allen County Jail currently has 741 operational beds for the prisoners housed there. Mr. Morris was a pretrial detainee at the jail but has since pleaded guilty to criminal offenses. He resided in several different cell blocks in the Allen County Jail. While housed in A-block, there was only one permanent bed in his cell, so he says he was forced to sleep on the floor in a "boat" for almost 6 months.

According to Mr. Morris, the jail is overcrowded and that has led to several problems. Because the jail exceeds capacity, prisoners are not appropriately classified and separated. For example, he claims that prisoners with mental and physical disabilities should be separated from those without

disabilities, instead of being housed together. The alleged overcrowding deprives some individuals of permanent beds, so they are forced to sleep in "boats" on the floors of the cells. Mr. Morris contends that assaults between prisoners are frequent, "aggravated by the overcrowded conditions." Mr. Morris alleges that medical emergencies are not responded to in an appropriate time, citing his own emergency when his cellmate had to kick on the door for 30 minutes before a correctional officer responded. He says these conditions have also limited the amount of recreation time the prisoners are allowed.

To rectify these grievances, Mr. Morris filed a complaint and motion for class certification. He claims the conditions in the Allen County Jail violate his and other prisoners' rights under the Eighth and Fourteenth Amendments to the United States Constitution. He requests declaratory and injunctive relief for himself and those similarly situated.

## STANDARD

Even with a stipulation, the court must decide whether class certification is appropriate. "Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions." *Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003); *accord Davis v. Romney,* 490 F.2d 1360, 1366 (3d Cir. 1974) ("Because the class action determination affects the rights of class members not before the court, as well as named plaintiffs and defendants, it is not sufficient that plaintiffs make an uncontested motion for a class determination."). The court needn't hold an evidentiary hearing; there are no factual disputes for purposes of certification. *See* ECF 21; *Kleen Prods. LLC v. Int'l Paper Co.,* 831 F.3d 919, 922 (7th Cir. 2016).

## DISCUSSION

To obtain class certification, a plaintiff must satisfy all the requirements of Fed. R. Civ. P. 23—that is, the plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. *General Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982). "Failure to meet any one of the

requirements of Rule 23 precludes certification of a class." *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976); *accord Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993).

Here, Mr. Morris has established the requirements in Fed. R. Civ. P. 23. First, Mr. Morris has shown that the claims of the class are numerous. Fed. R. Civ. P. 23(a)(2). In his complaint, he pleads that there are 741 beds in the Allen County Jail and it often houses more than 800 prisoners. The court may make common sense assumptions to determine numerosity; and, by pleading violations that affect approximately 800 people or more, Mr. Morris has sufficiently met the numerosity requirement. *See Arreola v. Golinez,* 546 F.3d 788, 797 (7th Cir. 2008) (finding numerosity after identifying 14 class members and evidence that supported much larger estimate).

Second, all putative class members appear to be in the same position (*i.e.,* prisoners in the Allen County Jail) and are (or will be) subjected to the same or similar conditions as alleged; thus, commonality is met. Fed. R. Civ. P. 23(a)(2); *Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 756 (7th Cir. 2014) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question.").

Third, Mr. Morris' claims are typical of those of the class. Fed. R. Civ. P. 23(a)(3). This inquiry focuses on the named representatives' claims and whether they have the same essential characteristics as the claims of the class at large. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Mr. Morris is a prisoner at Allen County Jail and is subject to the same conditions as the class at large; thus, his claims are typical to those as all putative class members.

Fourth, Mr. Morris, as representative of the class, will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This inquiry is intended to discover conflicts of interest between the named party and the class he seeks to represent. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). A plaintiff must have a sufficient stake in the outcome of the case to ensure zealous advocacy and must not have antagonistic or conflicting claims with other class members. *See Retired Chi. Police*

*Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). Likewise, "[a] person whose claim is idiosyncratic or possibly unique is an unsuitable class member." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 758 (7th Cir. 2014). Here, Mr. Morris is represented by adequate counsel, attorneys for the American Civil Liberties Union, who frequently represent individuals in similar cases. Mr. Morris has as much at stake in this litigation as do all putative members residing at the Allen County Jail and so he will fairly and adequately protect the interests of the class.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992). To satisfy the requirement of Rule 23(b)(2), the party who opposes the class must have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria." *Tyson v. Grant County Sheriff,* 2007 U.S. Dist. LEXIS 34570, 13-14 (N.D. Ind. May 9, 2007) (citations omitted). Rule "23(b)(2) is the appropriate rule to enlist when the plaintiffs' primary goal is not monetary relief, but rather to require the defendant to do or not do something that would benefit the whole class." *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 441 (7th Cir. 2015). Mr. Morris is seeking injunctive and declaratory relief for all the putative class members, so Rule 23(b)(2) is satisfied.

CONCLUSION

Mr. Morris has established all the necessary requirements of Fed. R. Civ. P. 23 to obtain class certification. Accordingly, the court GRANTS Mr. Morris' motion for class certification (ECF 2) and stipulation for class certification (ECF 21); the court CERTIFIES a class consisting of "all persons

4

currently confined, or who will in the future be confined, in the Allen County Jail." Additionally, under Fed. R. Civ. P. 23(g), Kenneth Falk, Stevie Pactor, and Samuel Bolinger are appointed as counsel for the class.

SO ORDERED.

March 17, 2020

*s/ Damon R. Leichty*
Judge, United States District Court